## HOE and others v. KAHLER.[1]

*(Circuit Court, S. D. New York. March 24, 1886.)*

1. COURTS — UNITED STATES SUPREME COURT — APPEAL — RECORD — CLERK SUBJECT TO DIRECTION OF COURT.

The transcript of a record on appeal is understood to be transmitted to the supreme court from the circuit court, as such, under its seal, so that the clerk in making and certifying the transcript acts as an officer of, and under the general direction and control of, the lower court, in the first instance, subject to the further order of the supreme court on proceedings on suggestion of diminution of the record.

2. SAME — DIRECTION TO THE CLERK.

Where, in a doubtful case, the clerk is requested by one party to an appeal to insert in the transcript what he is requested by the other party to leave out, a direction by the court is proper.

3. SAME — WHAT THE RECORD SHOULD CONTAIN — RULE 8, SUPREME COURT.

Where an opinion had been rendered, on final hearing, sustaining a patent, and afterwards, on motion for a rehearing, a second opinion was filed denying the motion, and a final decree had been entered, referring to the proceedings upon the motion for rehearing as well as to the former proceedings, from which decree an appeal was prayed, *held*, that the opinion on the rehearing comes within the requirements of rule 8 of the supreme court, which requires a copy of the opinion or opinions filed in the case to be annexed to and transmitted with the record.

4. SAME — MOTION PAPERS.

Where the motion papers on rehearing, taken in connection with the record, illustrated the opinion rendered on such motion, and the disposition of the motion was referred to in the decree appealed from, *held*, that the whole was proper to be transcribed into the record, within the meaning of section 698, Rev. St., and rule 8, taken together.

In Equity.

*W. H. L. Lee*, for appellant.

*James A. Hovey*, for appellee.

WHEELER, J. This suit is for infringement of a patent. After an opinion on final hearing sustaining the patent a motion for rehearing was made and heard, and an opinion was filed denying the motion, and a final decree referring to the proceedings upon the motion as well as the former proceedings was entered. An appeal has been taken and allowed, and a transcript of the record, as directed by law to be made, and copies of the proofs, and of such entries and papers on file as may be necessary on the hearing of the appeal, are to be transmitted from this court to the supreme court, as required by section 698 of the Revised Statutes. Rule 8 of the supreme court requires a copy of the opinion or opinions filed in the case to be annexed to and transmitted with the record. The form of certificate used by the clerk reads that the transcript to which it is attached is a true and complete transcript. The appellant requests the clerk to leave the proceedings and opinion on the motion for a rehearing out of the transcript, and to certify that the rest is a true and complete

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

v.27 F.no.2—10

transcript, which the clerk deems that he cannot in duty do. A motion is made that he be directed to do this, and has been heard. The transcript of the record is understood to be transmitted from this court, as such, under its seal, to the supreme court, so that the clerk in making and certifying the transcript acts as an officer of, and under the general direction and control of, this court, in the first instance, subject of course to the further order of the supreme court on proceedings on suggestion of diminution of the record. Therefore a direction of this court in a doubtful case, where the clerk is requested to insert in the transcript by one party what he is requested to leave out by the other, would seem to be proper. As argued by the appellant's counsel, the only question before the supreme court will be whether the decree appealed from was right when made, and the opinions or opinion to be annexed are such as bear upon that decree and expound the reasons for making it. The motion in this case was founded largely upon the record as it stood at the time of the first opinion, and went much upon the ground that later decisions of the supreme court would lead to a different conclusion. The second opinion reviewed the case in view of these decisions. The decree was entered in accordance with its reasoning as well as with that of the first opinion. *Hoe* v. *Kahler*, 25 Fed. Rep. 271. This opinion, therefore, comes within the requirements of the rule of the supreme court. The motion papers, in connection with the record, illustrate the opinion, and the disposition of the motion being referred to in the decree, the whole would seem to be proper parts of the record to be transcribed, within the meaning of the statute and rule taken together. Motion denied.