### UNITED STATES
v.
### INTERNATIONAL BOXING CLUB OF NEW YORK, Inc. et al.

United States District Court
S. D. New York.
April 22, 1954.

**576**

J. Edw. Lumbard, U. S. Atty., New York City, for the Government.

Simpson, Thacher & Bartlett, New York City, for defendants Madison Square Garden Corp. and International Boxing Club of New York, Inc.

Peabody, Westbrook, Watson & Stephenson, Chicago, Ill., and Reid & Priest, New York City, for defendants International Boxing Club, Jas. D. Norris and Arthur M. Wirtz.

NOONAN, District Judge.

On February 4, 1954, this court granted a motion made by the respondents to dismiss the complaint in this action for lack of jurisdiction of the subject matter of the action and for failure to state a claim upon which relief could be granted. This decision was rendered from the bench after oral argument, and an order entered February 8, 1954, pursuant to that decision, is now the subject of an appeal to the Supreme Court of the United States.

Despite the fact that the order itself states that the decision of the court was based on " * * * the summons and complaint and the Marshal's return herein, the stipulation dated January 7, 1954 amending the complaint herein, the notice of motion dated December 2, 1953, and after hearing counsel * * * " (for both sides), the plaintiff seeks to include two other items in the praecipe. These two items, which are the subject of this motion to strike, are (1) the answers of the parties, and (2) the papers connected with an earlier motion for a preference.

Two specific problems are thus before this court: whether these two items are properly a part of the record; and, if not, whether this court has the authority to strike them.

■ On the first question, it is the opinion of this court that the items attacked are not properly part of the "record" for purposes of appeal. They did not form a part of the papers on which the decision was based nor was reference made to them on the argument. Although they were in the file of the case, they were never "before" the court during the course of the argument on the motion to dismiss.

The purpose of an appeal is to correct an error or errors made in the court below. In the instant case, that would entail a showing that the complaint in the action does state a claim upon which relief could be granted, and that this court does have jurisdiction over the subject matter. Unless both grounds for dismissal are found to be in error, the action must stand as dismissed.

Looking to the question of whether or not the complaint states a claim upon which relief can be granted, it is clear that neither answers, nor affidavits filed in connection with an unrelated motion, can bear out the sufficiency of the complaint. It must stand or fall on its own merits.

Both because these matters were never before this court when it was called upon to make its decision, and because they are not relevant to the sufficiency of the complaint, the inclusion of these disputed items in the praecipe is neither necessary nor proper. They do not form a material part of the record, nor do they properly reflect what occurred in this court.

Accordingly, it is the opinion of this court that the motion to strike should be granted if this court has the power so to do.

■ Rule 10, subd. 2, of the Revised Rules of the Supreme Court of the United States, Title 28, U.S.Code, provides

that the clerk of the lower court shall forward to the Supreme Court "* * * a true copy of the material parts of the record * * *". The praecipe is authorized to enable the clerk to do so and "* * * for the purpose of reducing the size of transcripts and eliminating all papers not necessary to the consideration of the questions to be reviewed * * *". The rule then goes on to incorporate by reference Sections (c), (e), and (h) of Rule 75 and Rule 76 of the Rules of Civil Procedure, Title 28 U.S. Code.

Of those portions of Rule 75 and Rule 76 of the Rules of Civil Procedure incorporated by reference into Rule 10 of the Supreme Court Rules, only Rules 75(e) and (h) are applicable to the instant situation.

Rule 75(e) entitled "Record To Be Abbreviated", opens with the sentence "All matter not essential to the decision of the questions presented by the appeal shall be omitted."

Rule 75(h) is entitled "Power of Court to Correct or Modify Record" and provides that "* * * if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."

It is essentially the wording of this last paragraph on which rests the authority of this court to grant the motion to strike the disputed items from the praecipe.

In 1886, in the case of Hoe v. Kahler, C.C.S.D.N.Y., 27 F. 145, 146, the court stated, "* * * a direction of this court in a doubtful case, where the clerk is requested to insert in the transcript by one party what he is requested to leave out by the other, would seem to be proper."

In the case of U. S. v. City of Brookhaven, 5 Cir., 1943, 134 F.2d 442, 446, 447, rehearing denied, the court, referring to the inclusion in the record on appeal of a deposition taken, but never introduced into evidence in the lower court, stated:

"Unless someone offered it in evidence on the trial it was not evidence in the case, nor was it proper to be transmitted as such with the record on appeal. When designated by appellees to be certified and sent up as a part of such record, appellant should have applied to the district court under the first sentence of Rule 75(h) to have the deposition excluded as not having been introduced and considered in the trial."

In the instant case, the items in dispute were not introduced or considered in the determination of the motion. The appellees have moved to strike them from the praecipe. For all of the above reasons, the motion is granted.

So ordered.